# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Lyesisha Briggs, Jackie Losey, Lisa Vitiello, James Gomperts, and David Riggleman,

Plaintiffs,

v.

Patient Account Services, LLC

Defendant.

_______________________________________ /

CASE NO:

**COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Communication Protection Act ("TCPA"), 47 U.S.C. § 227.

## PARTIES

2. Plaintiff, Lyesisha Briggs ("Ms. Briggs"), is a natural person who resided in Fort Lauderdale, Florida, at all times relevant to this action.

3. Plaintiff, Jackie Losey ("Ms. Losey"), is a natural person who resided in Sebring, Florida at all times relevant to this action.

4. Plaintiff, Lisa Vitiello ("Ms. Vitiello"), is a natural person who resided in Lake Worth, Florida at all times relevant to this action.

5. Plaintiff, James Gomperts ("Mr. Gomperts"), is a natural person who resided in Boynton Beach, Florida at all times relevant to this action.

6. Plaintiff, David Riggleman ("Mr. Riggleman"), is a natural person who resided in Boynton Beach, Florida at all times relevant to this action.

7. Defendant, Patient Account Services, LLC ("PAS"), is a Florida Limited Liability Company with its principal place of business in Hollywood, Florida.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the FDCPA and the TCPA.

9. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

10. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over each Plaintiff's claims under the FCCPA because each such claim shares a common nucleus of operative facts with each Plaintiff's claims under the FDCPA and/or the TCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

11. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to multiple Plaintiffs' claims occurred in this judicial district.

12. Pursuant to 28 U.S.C. § 1391(b), venue is also proper because PAS is subject to personal jurisdiction in this judicial district due to its continuous activities in this district, including but not limited to: (a) PAS's headquarters are located within this district, (b) conducts business in this district by seeking to collect debts from consumers who reside in this district; (c) PAS holds a Consumer Collection Agency license with the Florida Office of Financial Regulation, permitting PAS to collect debt in this district; and (d) PAS's business practices, which are at issue in this lawsuit, are the same practices in which PAS regularly engages in with respect to consumers that reside in this district, as well as throughout the entire State of Florida.

**JOINDER**

13. Rule 20 of the Federal Rules of Civil Procedure provides, in part:

> (a) PERSONS WHO MAY JOIN OR BE JOINED.
>
> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

*See* Fed. R. Civ. P. 20(a).

14. "Under the [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966).

15. "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (reversed on other grounds).

16. "A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Id.*

17. The rule "does not require that ***all*** questions of law and fact raised by the dispute be common, but only that ***some*** question of law or fact be common to all parties." *Id.* at 1324 (emphases included) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974)).

18. "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Alexander,* 207 F.3d at 1323 (quoting *Mosley,* 497 F.2d at 1333).

19. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. *See Mosley*, 497 F.2d at 1332.

20. Allegations of a company-wide policy that violates federal law have been held sufficient to establish that multiple plaintiffs' claims "arose out of the same series of transactions or occurrences." *See Alexander*, 207 F.3d at 1323 (citing *Mosley*, 497 F.2d at 1334).

21. In the FDCPA context, allegations by multiple plaintiffs that they were subjected to the same collection practices by a single debt collector support joinder under Rule 20. *See, e.g., Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 888-89 (S.D. Ohio 2003).

22. Joinder is particularly appropriate at the pre-trial stage of litigation where "the alleged acts occurred are quite similar for each [p]laintiff with the majority of each [p]laintiff's allegations occurring [during a limited time period]." *See Nelson v. Chertoff*, 2008 U.S. Dist. LEXIS 82981, *16 (N.D. Ill. Sep. 10, 2008).

23. In the TCPA context, calls received by multiple plaintiffs from the same debt collector using an autodialer support joinder under Rule 20. *See, e.g., Blair v. CBE Group, Inc*., 2013 U.S. Dist. LEXIS 150996, *17-18 (S.D. Cal. Oct. 17, 2013); *Desai v. ADT Sec. Servs., Inc*., 2011 U.S. Dist. LEXIS 77457, *4-8 (N.D. Ill. July 18, 2011).

**ADDITIONAL FACTORS SUPPORTING JOINDER**

24. The witness(es) that PAS will produce in response to a notice of deposition pursuant to Rule 30(b)(6) will likely be the same individual(s) for each Plaintiff.

25. The information that PAS will provide in response to interrogatories related to PAS's policies, practices, and procedures will likely be the same, or substantially similar, for each Plaintiff.

26. The evidence that PAS will produce in response to requests for production of documents related to Defendant's policies, practices and procedures will likely be the same, or substantially similar, for each Plaintiff.

27. Joinder will allow a single trier of fact to assess the pattern and frequency of PAS's alleged misconduct, which is a relevant factor in the legal issues and damages in this case.

28. Joinder avoids the need to conduct multiple trials and empanel multiple juries to resolve fairly straightforward claims that Defendant violated the FDCPA, FCCPA, and TCPA.

## ALLEGATIONS OF FACT COMMON TO ALL PLAINTIFFS

29. At all times relevant to this action, PAS collected consumer debts.

30. PAS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due, or asserted to be owed or due another.

31. The principal source of PAS's revenue is debt collection.

32. PAS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33. PAS is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

34. As described, *infra*, PAS contacted each Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

35. Each alleged obligation PAS was seeking to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. Each alleged obligation PAS was seeking to collect is a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

37. Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

38. Each Plaintiff is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(2), and is a person whom the FCCPA is intended to protect.

39. Before PAS began contacting each Plaintiff, it and each Plaintiff had no prior business relationship and each Plaintiff never provided express consent to PAS to be contacted on his/her cellular telephone.

40. Within the past twelve (12) months, PAS called each Plaintiff on multiple occasions in connection with the collection of a debt.

41. Within the past twenty-four (24) months, PAS called each Plaintiff on multiple occasions in connection with the collection of a debt.

42. On several occasions, within the past forty-eight (48) months, the dates of which will be discovered through discovery, PAS willingly and knowingly used an automatic telephone dialing system (ATDS) to call each of the Plaintiffs on his or her cellular phone on multiple occasions, in violation of the TCPA

43. PAS used a predictive dialer system to call each Plaintiff.

44. Each Plaintiff, on at least one occasion, communicated his or her desire that PAS cease calling him or her.

45. Notwithstanding these communications, PAS continued to call each Plaintiff in connection with the collection of a debt.

46. PAS's agents have the ability to immediately stop further calls to consumers, but PAS's policy and practice is to continue calling consumers using its predictive dialer in spite of consumer requests for PAS to stop calling, and consumer statements to PAS that the consumer cannot and/or will not pay the debt.

47. PAS's policy and practice is that when a consumer communicates his or her desire that PAS cease calling, but does not do so in writing, PAS disregards that communication as if it had not been made.

48. PAS's policy and practice is that when a consumer communicates his or her desire that PAS cease calling, but does not do so in writing, PAS does not record that request in PAS's records related to the debt Defendant is seeking to collect from the consumer.

49. In this case, PAS followed the aforementioned policy and practice when each Plaintiff communicated his or her desire that PAS stop calling him or her.

50. PAS's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Plaintiffs.

51. PAS unreasonably relied upon inaccurate information provided to PAS by one or more original creditors for whom PAS was attempting to collect a debt when PAS called certain Plaintiffs' cellular telephones.

## LEGAL ARGUMENTS COMMON TO ALL PLAINTIFFS

52. Section 1692d of the FDCPA provides, in part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. § 1692d.

53. Where a consumer has communicated his or her desire that a debt collector stop calling, and the debt collector nevertheless continues to call the consumer, the volume and pattern of the calls may evidence intent to harass in violation of Section 1692d. *See Majeski v. I.C. Sys., Inc.*, 2010 U.S. Dist. LEXIS 1830, *5-7 (N.D. Ill. Jan. 8, 2010).

54. Section 1692f of the FDCPA provides, in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

*See* 15 U.S.C. § 1692f.

55. Where a question exists as to whether a debt collector's alleged misconduct violates Section 1692f or some other section of the FDCPA, the prudent course at the pre-trial stage is to allow the consumer to pursue claims under both sections. *See Davis v. Diversified Consultants, Inc.*, 2014 U.S. Dist. LEXIS 87867, *25 (D. Mass. June 27,

2014) (citing *Rush v. Portfolio Recovery Associates, LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013)).

56. PAS's maintenance of policies and practices, which in themselves violate the FDCPA, are further evidence of PAS's intent to harass. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. Mar. 16, 2009) (debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA); s*ee also Kromelbein v. Envision Payment Solutions, Inc.*, 2013 U.S. Dist. LEXIS 107762, *18 (M.D. Penn. Aug. 1, 2013) ("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights.").

57. Section 559.72 of the FCCPA provides, in part:

Prohibited practices generally. – In collecting consumer debts, no person shall:

* * *

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family…

*See* Fla. Stat. § 559.72(7).

The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. § 227(b)(1)(A)(iii).

58. The term "called party," as used in Section 227(b)(1)(A) of the TCPA refers to the person or entity subscribing to the called number at the time the telephone call is made. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

59. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

60. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

61. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.*, 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

62. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

63. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

## INDIVIDUAL COUNTS AS TO EACH PLAINTIFF

*COUNT ONE – Lyesisha Briggs*

**Violation of the Fair Debt Collection Practices Act**

64. Ms. Briggs re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2, and 29-64.

65. Around June 2014, PAS began calling Ms. Briggs on her cellular phone at phone number XXX-XXX-4138 in an attempt to collect a medical debt.

66. PAS called Ms. Briggs's cellular phone from various phone numbers, including but not limited to 877-397-0619.

67. Each time that PAS called Ms. Briggs's cellular phone, PAS would ask for Ms. Briggs's three-year-old daughter.

68. Soon after PAS began calling, Ms. Briggs communicated her desire that PAS cease calling her.

69. On multiple occasions, Ms. Briggs informed PAS that the debt PAS was attempting to recover – a hospital bill for Ms. Briggs's infant daughter – was covered by her daughter's health insurance, and provided PAS with relevant insurance information.

70. Notwithstanding these communications, PAS continued to call Ms. Briggs on her cellular phone in connection with the collection of a debt within the last twelve (12) months.

71. On at least one occasion, Ms. Briggs reiterated her desire that PAS cease calling her.

72. Despite Ms. Briggs's pleas for PAS to stop calling, PAS continued its campaign of collection calls to Ms. Briggs's cell phone.

73. PAS's acts and omissions violated the FDCPA as to Ms. Briggs.

74. PAS's policies and procedures violated the FDCPA as to Ms. Briggs.

75. PAS caused Ms. Briggs emotional distress.

76. PAS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Briggs in connection with the collection of the debt.

77. PAS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT TWO – Lyesisha Briggs*

**Violation of the Florida Consumer Collection Practices Act**

78. Ms. Briggs re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2, 29-64, and 66-76.

79. PAS willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Ms. Briggs with such frequency as can reasonably be expected to harass Ms. Briggs, or engaging in other conduct which can reasonably be expected to abuse or harass Ms. Briggs.

*COUNT THREE – Lyesisha Briggs*

**Violation of the Telephone Communication Protection Act**

80. Ms. Briggs re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2, 29-64, and 66-76.

81. Ms. Briggs was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

82. PAS violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Briggs's cellular telephone using an ATDS without Ms. Briggs's prior express consent or after Ms. Briggs had revoked such consent.

83. PAS voluntarily placed telephone calls to Ms. Briggs's cellular telephone using an ATDS.

84. PAS willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Briggs's cellular telephone using an ATDS without Ms. Briggs's prior express consent.

*COUNT FOUR – Jackie Losey*

**Violation of the Fair Debt Collection Practices Act**

85. Ms. Losey re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein 3, and 29-64.

86. Around July 2015, PAS began calling Ms. Losey on her cellular phone at phone number XXX-XXX-4788 in an attempt to collect a medical debt.

87. PAS called Ms. Losey's cellular phone from various phone numbers, including but not limited to 877-397-0619.

88. On more than one occasion, Ms. Losey communicated her desire that PAS cease calling her, and informed PAS that the debt had already been paid.

89. On at least one of the calls, Ms. Losey informed PAS that Highland Regional Hospital had confirmed that the subject debt had been paid.

90. Notwithstanding these communications, PAS continued to call Ms. Losey more than forty (40) times on her cellular phone in connection with the collection of a debt within the last twelve (12) months.

91. PAS's acts and omissions violated the FDCPA as to Ms. Losey.

92. PAS's policies and procedures violated the FDCPA as to Ms. Losey.

93. PAS caused Ms. Losey emotional distress.

94. PAS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Losey in connection with the collection of the debt.

95. PAS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT FIVE – Jackie Losey*

**Violation of the Florida Consumer Collection Practices Act**

96. Ms. Losey re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 3, 29-64, and 87-94.

97. PAS willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Ms. Losey with such frequency as can reasonably be expected to harass Ms. Losey, or engaging in other conduct which can reasonably be expected to abuse or harass Ms. Losey.

*COUNT SIX – Jackie Losey*

**Violation of the Telephone Communication Protection Act**

98. Ms. Losey re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 3, 29-64, and 87-94.

99. Ms. Losey was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

100. PAS violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Losey's cellular telephone using an ATDS without Ms. Losey's prior express consent or after Ms. Losey had revoked such consent.

101. PAS voluntarily placed telephone calls to Ms. Losey's cellular telephone using an ATDS.

102. PAS willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Losey's cellular telephone using an ATDS without Ms. Losey's prior express consent.

*COUNT SEVEN – Lisa Vitiello*

**Violation of the Fair Debt Collection Practices Act**

103. Ms. Vitiello re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein 4, and 29-64.

104. Around February 2015, PAS began calling Ms. Vitiello on her cellular phone at phone number XXX-XXX-7333 in an attempt to collect a medical debt.

105. PAS called Ms. Vitiello's cellular phone from various phone numbers, including but not limited to 877-397-0619.

106. On more than one occasion, Ms. Vitiello communicated her desire that PAS cease calling her, and informed PAS that she did not owe the debt because Medicaid was responsible for payment.

107. Notwithstanding these communications, PAS continued to call Ms. Vitiello on her cellular phone in connection with the collection of a debt within the last twelve (12) months.

108. PAS's acts and omissions violated the FDCPA as to Ms. Vitiello.

109. PAS's policies and procedures violated the FDCPA as to Ms. Vitiello.

110. PAS caused Ms. Vitiello emotional distress.

111. PAS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Vitiello in connection with the collection of the debt.

112. PAS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT EIGHT – Lisa Vitiello*

**Violation of the Florida Consumer Collection Practices Act**

113. Ms. Vitiello re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 4, 29-64, and 105-111.

114. PAS willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Ms. Vitiello with such frequency as can reasonably be expected to harass Ms. Vitiello, or engaging in other conduct which can reasonably be expected to abuse or harass Ms. Vitiello.

*COUNT NINE – Lisa Vitiello*

**Violation of the Telephone Communication Protection Act**

115. Ms. Vitiello re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 4, 29-64, and 105-111.

116. Ms. Vitiello was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

117. PAS violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Vitiello's cellular telephone using an ATDS without Ms. Vitiello's prior express consent or after Ms. Vitiello had revoked such consent.

118. PAS voluntarily placed telephone calls to Ms. Vitiello's cellular telephone using an ATDS.

119. PAS willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Vitiello's cellular telephone using an ATDS without Ms. Vitiello's prior express consent.

*COUNT TEN – James Gomperts*

**Violation of the Fair Debt Collection Practices Act**

120. Mr. Gomperts re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein 5, and 29-64.

121. Around February 2015, PAS began calling Mr. Gomperts on his cellular phone at phone number XXX-XXX-9755 in an attempt to collect a medical debt.

122. PAS called Mr. Gomperts's cellular phone from various phone numbers, including but not limited to 877-397-0619.

123. Soon after the calls began, Mr. Gomperts communicated his desire that PAS cease calling him.

124. On multiple occasions, Mr. Gomperts told PAS that he had no money and could not pay the debt.

125. Notwithstanding these communications, PAS continued to call Mr. Gomperts more than thirty (30) times on his cellular phone in connection with the collection of a debt within the last twelve (12) months.

126. PAS's acts and omissions violated the FDCPA as to Mr. Gomperts.

127. PAS's policies and procedures violated the FDCPA as to Mr. Gomperts.

128. PAS caused Mr. Gomperts emotional distress.

129. PAS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Mr. Gomperts in connection with the collection of the debt.

130. PAS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT ELEVEN – James Gomperts*

**Violation of the Florida Consumer Collection Practices Act**

131. Mr. Gomperts re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 5, 29-64, and 122-129.

132. PAS willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Mr. Gomperts with such frequency as can reasonably be expected to harass Mr. Gomperts, or engaging in other conduct which can reasonably be expected to abuse or harass Mr. Gomperts.

*COUNT TWELVE – James Gomperts*

**Violation of the Telephone Communication Protection Act**

133. Mr. Gomperts re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 5, 29-64, and 122-129.

134. Mr. Gomperts was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

135. PAS violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Gomperts's cellular telephone using an ATDS without Mr. Gomperts's prior express consent or after Mr. Gomperts had revoked such consent.

136. PAS voluntarily placed telephone calls to Mr. Gomperts's cellular telephone using an ATDS.

137. PAS willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Gomperts's cellular telephone using an ATDS without Mr. Gomperts's prior express consent.

*COUNT THIRTEEN – David Riggleman*

**Violation of the Fair Debt Collection Practices Act**

138. Mr. Riggleman re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein 6, and 29-64.

139. Around April 2015, PAS began calling Mr. Riggleman on his cellular phone at phone number XXX-XXX-0095 in an attempt to collect a debt for another individual.

140. PAS called Mr. Riggleman's cellular phone from various phone numbers, including but not limited to 877-397-0619.

141. Soon after the calls began, Mr. Riggleman advised PAS that he was not the person with whom PAS was looking to speak and that PAS had called the wrong party.

142. In addition, Mr. Riggleman communicated his desire that PAS cease calling him.

143. Notwithstanding these communications, PAS continued to call Mr. Riggleman on his cellular phone in connection with the collection of a debt within the last twelve (12) months.

144. On more than one occasion, Mr, Riggleman reiterated to PAS that he was not the person with whom PAS was looking to speak repeated his desire that PAS cease calling him.

145. Despite Mr. Riggleman's pleas for PAS to stop calling, PAS continued its campaign of collection calls to Mr. Riggleman's cell phone.

146. PAS unreasonably relied upon inaccurate information provided to PAS by one or more original creditors for whom PAS was attempting to collect a debt when PAS called Mr. Riggleman's cellular telephone.

147. PAS's acts and omissions violated the FDCPA as to Mr. Riggleman.

148. PAS's policies and procedures violated the FDCPA as to Mr. Riggleman.

149. PAS caused Mr. Riggleman emotional distress.

150. PAS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Mr. Riggleman in connection with the collection of the debt.

151. PAS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT FOURTEEN – David Riggleman*

**Violation of the Florida Consumer Collection Practices Act**

152. Mr. Riggleman re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 6, 29-64, and 140-150.

153. PAS willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Mr. Riggleman with such frequency as can reasonably be expected to harass Mr. Riggleman, or engaging in other conduct which can reasonably be expected to abuse or harass Mr. Riggleman.

*COUNT FIFTEEN – David Riggleman*

**Violation of the Telephone Communication Protection Act**

154. Mr. Riggleman re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 6, 29-64, and 140-150.

155. Mr. Riggleman was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

156. PAS violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Riggleman's cellular telephone using an ATDS without Mr. Riggleman's prior express consent or after Mr. Riggleman had revoked such consent.

157. PAS voluntarily placed telephone calls to Mr. Riggleman's cellular telephone using an ATDS.

158. In addition, PAS failed to adequately place intermittent live verification calls to Mr. Riggleman's cellular telephone to ensure that Mr. Riggleman had provided his express consent to be called at that telephone number.

159. PAS willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Riggleman's cellular telephone using an ATDS without Mr. Riggleman's prior express consent.

## JURY DEMAND

160. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, each of the individual Plaintiffs prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: February 2, 2016

By: /s/ Sharina T. Romano

Sharina T. Romano, Esq.
Florida Bar No.: 65501
HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Road, Suite B410
Chicago, Illinois 60608
(P) 904.853.3050
(F) 312.361.3509
(E) sharina@fairdebt411.com
*One of Plaintiff's Attorneys*